Andrew L. Symons
Inslee, Best, Doezie & Ryder, P.S.
777 - 108th Ave. N.E., Suite 1900
P.O. Box C-90016
Bellevue, WA 98009-9016
(425) 455-1234

FILED

2002 DEC 11 PM 4:19

M.L. HATCHER, CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY_____ DEP CLK

Hon. Karen A. Overstreet

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANYON PARK SEE STORE, INC., a Washington corporation, and AKBARALI "SAM" SAMANANI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>LAKHA INVESTMENT CO., LLC, a Washington limited liability company, AMIN S. ("ANDY") LAKHA, an individual; EMERALD CITY CONSTRUCTION, INC., a Washington corporation, KEYBANK OF WASHINGTON, d/b/a KEYBANK NATIONAL ASSOCIATION, a Washington corporation, JOE DOE CORPORATION, the corporate identity or assignee of the rights and liabilities of Keybank National Association, if any, relevant to this action; and ARCO PRODUCTS COMPANY, a Delaware corporation,<br><br>Defendants. | Bankruptcy Case No. 02-21702<br><br>Adversary Proceeding No. A02-01565<br><br>ANSWER OF DEFENDANTS LAKHA INVESTMENT CO., L.L.C.; LAKHA; AND EMERALD CITY CONSTRUCTION AND COUNTERCLAIM |

Defendants Lakha Investment Co., L.L.C.; Amin S. Lakha; and Emerald City

Construction Management Co., for answer and counterclaim to plaintiffs' complaint, state

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 1
DOCS\51255\049\0248300.01

ORIGINAL

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

and allege as follows:

1.1    Paragraph 1.1 of the complaint is admitted.

1.2    Answering paragraph 1.2 of the complaint, admitted that Canyon Park See Store, Inc., is a Washington corporation. Denied that said corporation has authorized the filing of the above-entitled Chapter 11 proceeding or this action and therefore denied that said corporation is the "debtor" in the above-entitled bankruptcy proceeding under Chapter 11 of the Bankruptcy Code.

1.3    Each and every allegation in paragraph 1.3 of the complaint is denied.

1.4    Answering paragraph 1.4 of the complaint, admitted that the debt owed by CPSS to Key Bank is the largest single debt owed by CPSS, that Lakha Investment Co., L.L.C., is a Washington limited liability company principal member is Amin S. Lakha and that said company has the right to vote all of the shares of CPSS. Each and every other allegation in said paragraph is denied.

1.5    Answering paragraph 1.5, admitted that Emerald City Construction Management Co., referred to in the complaint as "Emerald City," is a Washington corporation whose sole shareholder is Amin S. Lakha and that said corporation contracted with CPSS and built the Canyon Park Station. Each and every other allegation in said paragraph is denied.

1.6    Answering paragraph 1.6, admitted that Amin S. Lakha is the sole member of Lakha Investment Co., L.L.C., and the sole shareholder, officer and director of Emerald City Construction Management Co. Each and every other allegation in said paragraph is denied.

1.7    Answering paragraph 1.7 of the complaint, the first three sentences thereof are admitted. Denied that any alleged construction costs and/or estimated earnings potential
ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 2
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

were "proffered by the Lakha Defendants" and further denied that the "Lakha Defendants" made any representations. The last sentence thereof is denied. These answering defendants lack sufficient knowledge or information from which to form a belief as to the remaining allegations in said paragraph and therefore deny the same.

1.8 Answering defendants lack knowledge or information from which to form any belief as to the truth or falsity of the allegations made in paragraph 1.8 of the complaint and therefore deny the same.

1.9 Answering defendants lack knowledge or information from which to form any belief as to the truth or falsity of the allegations made in paragraph 1.9 of the complaint and therefore deny the same.

2.1 Answering defendants hereby incorporate their answers to paragraphs 1.1 through 1.9 of the complaint.

2.2 Answering paragraph 2.2 of the complaint, admitted that plaintiff Samanani was introduced to Amin Lakha by Abdul Lalani, apparently a mutual acquaintance, in approximately 1999. The remaining allegations in said paragraph are denied.

2.3 The allegations in paragraph 2.3 are denied.

2.4 Answering the allegations in paragraph 2.4, admitted that Lalani served as primary manager of the business until late 2001, when Samanani took over. Each and every other allegation in said paragraph is denied.

2.5 The allegations in paragraph 2.5 of the complaint are denied.

2.6 The allegations in paragraph 2.6 of the complaint are denied.

2.7 Answering paragraph 2.7, admitted that Samanani was and is a personal guarantor of the Key Bank loan, which Key Bank required. Each and every other allegation in said paragraph is denied.

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 3
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

2.8     Each and every allegation in paragraph 2.8 of the complaint is denied.

2.9     Answering paragraph 2.9, admitted that CPSS secured additional funds from ARCO in the amount of approximately $400,000 and that said agreement was terminated by ARCO and that CPSS had difficulties apparently related to the PIC machines and/or software or hardware related to those machines, the exact causes and responsibility for which are not known to these defendants. Denied that entry into said contract was "at Lakha's urging." Answering defendants lack sufficient knowledge or information as to the remaining allegations in said paragraph and therefore deny the same.

2.10    Answering paragraph 2.10 of the complaint, admitted that LIC provided $250,000 in financing to CPSS and that CPSS and Samanani signed a Stock Pledge and Option Agreement, prepared by LIC's attorneys, which secured, among others, CPSS's repayment of said obligation to LIC, and that by said Agreement Samanani pledged all of the shares of CPSS and granted the voting rights to LIC to secure, among other things, repayment of said obligation and the promise and obligation of CPSS and Samanani to obtain refinancing of the Key Bank loan prior to the end of its term in September 2001. All other allegations in said paragraph are denied.

2.11    Answering paragraph 2.11, admitted that CPSS paid $219,900 to "Emerald City" for construction costs. All other allegations in said paragraph are denied.

2.12    Answering paragraph 2.12, admitted that CPSS and Samanani have been in default under the Stock Pledge Agreement for, among other things, failure to refinance the Key Bank loan and failure to re-pay the $250,000 loan to LIC and that LIC has accordingly declared CPSS and Samanani to be in default pursuant to the terms of the Stock Pledge Agreement and that, irrespective of such defaults, LIC holds the voting rights to the stock pursuant to said Agreement. All other allegations in said paragraph are denied.

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 4
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

3.1     Answering defendants re-incorporate their responses to the prior paragraphs of the complaint.

3.2     Answering paragraph 3.2 of the complaint, admitted that Samanani alleges a dispute over the ownership and/or right to vote the shares of stock of CPSS. Said claims by Samanani are patently contrary to the express terms of the document he signed and therefore barred as a matter of law. The remaining allegations in said paragraph are denied.

3.3     The allegations in paragraph 3.3 of the complaint are denied.

3.4     The allegations in paragraph 3.4 of the complaint are denied.

4.1     Answering defendants re-incorporate their responses to the prior paragraphs of the complaint.

4.2     Each and every allegation in paragraph 4.2 of the complaint is denied.

4.3     Each and every allegation in paragraph 4.3 of the complaint is denied.

4.4     The allegations in paragraph 4.4 of the complaint are denied.

5.1     Answering defendants re-incorporate their responses to the prior paragraphs of the complaint.

5.2     Answering the allegations in paragraph 5.2 of the complaint, these defendants lack sufficient knowledge or information from which to form a belief as to the truth or falsity of the first sentence thereof and therefore deny the same and further deny each and every other allegation in said paragraph.

5.3     The allegations in paragraph 5.3 of the complaint are denied.

6.1     Answering defendants re-incorporate their responses to the prior paragraphs of the complaint.

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 5
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

6.2  Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth or falsity of the allegations in paragraph 6.2 of the complaint and therefore deny the same.

6.3  Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth or falsity of the allegations in paragraph 6.3 of the complaint and therefore deny the same.

## AFFIRMATIVE DEFENSES

A.  This court lacks jurisdiction of this proceeding by reason of the absence of the required corporate authority of Canyon Park See Store, Inc., to commence the Chapter 11 proceeding to which this adversary proceeding is annexed.

B.  Canyon Park See Store, Inc., is not properly made a party hereto. The filing of the petition for Chapter 11 reorganization and the signing and filing of the complaint in this adversary proceeding is not an authorized action of said corporation and is *ultra vires* as to said corporation.

C.  The claims of plaintiff Samanani are not properly before this court as said claims are not related to nor properly a part of any Chapter 11 reorganization proceeding involving Canyon Park See Store, Inc., are not properly part of a core proceeding, and are not otherwise within this court's jurisdiction.

D.  Plaintiffs' complaint fails to state a claim on which any relief can be granted.

E.  The claims, allegations, assertions and contentions of plaintiffs are barred by the express terms of documents and agreements executed by plaintiffs, including, but not limited to, the Stock Pledge and Option Agreement referred to in the complaint.

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 6
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

F. Plaintiffs' claims are barred by waiver, estoppel, satisfaction, release, and discharge.

G. Plaintiffs' claims are barred for failure to mitigate and by the doctrine of avoidable consequences.

H. Any and all losses claimed or alleged by plaintiffs are the direct and proximate result of plaintiffs' own improper, unlawful and negligent acts.

I. Plaintiffs' claims are barred by the Statute of Frauds.

J. Plaintiffs have failed to join all necessary parties.

K. Plaintiff Samanani is a married individual whose marriage is subject to the community property laws of the states of Washington and Texas and any claim by said plaintiff is a claim belonging to his marital community and requires joinder of his spouse.

## COUNTERCLAIMS

Without waiver of the above-listed affirmative defenses, including lack of subject matter jurisdiction and lack of required corporate authority, answering defendants Lakha and Lakha Investment Co., L.L.C. ("LIC"), state and allege the following as and for counterclaims against plaintiffs:

1. Plaintiffs are jointly and severally indebted to LIC pursuant to that certain promissory note dated September 12, 2000, in the principal amount of $250,000, plus interest, charges and fees due thereon, no portion of which have been paid. Said note is past due and is owing in full.

2. In addition, plaintiff Samanani is indebted to defendant LIC on certain promissory notes and obligations, the amounts and details of which will be proven at trial or on further proceedings herein, which notes are past due and on which Samanani is

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 7
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

therefore indebted for principal, interest, late charges and attorney's fees according to the terms of such notes. The combined amounts now past due on said notes exceeds $200,000.

3. Plaintiffs and their counsel have filed the Chapter 11 petition herein with full knowledge that plaintiff Samanani lacks the authority required for such filing and that said filing was not duly authorized by the corporate authority required to file for such relief on behalf of plaintiff CPSS.

4. As a result of such unauthorized filing, plaintiffs have caused Lakha and LIC to incur additional costs and losses, including, but not limited to, additional interest, fees and charges pursuant to the Key Bank loan with respect to which Lakha and LIC are guarantors.

5. Plaintiff Samanani is further liable to Lakha and LIC for equitable contribution for any and all amounts Lakha and/or LIC may be required to pay as co-guarantors of the Key Bank loan.

6. Samanani has wrongfully converted, taken and diverted property and funds belong to Canyon Park See Store, Inc., which funds and property would otherwise be available to the payment of debts of said corporation, including the Key Bank loan, as a result of which Lakha and/or LIC have sustained losses in amounts to be proven on further proceedings herein if this matter is not sooner dismissed for lack of jurisdiction for reasons previously stated herein.

WHEREFORE, these defendants pray for judgment dismissing plaintiffs' complaint with prejudice, and, if this matter is not sooner dismissed for lack of jurisdiction, for judgment against plaintiffs on the counterclaims of Lakha and LIC, respectively, and for these defendants' costs, including their attorney's fees and costs and all such other amounts as the court may award as damages pursuant to Bankruptcy Rule 9011 and Fed. R. Civ. Pro. 11 for plaintiffs' knowing unauthorized filing of a Chapter 11 petition herein.

ANSWER OF DEFENDANTS LAKHA
INVESTMENT, LAKHA AND EMERALD
CITY CONSTRUCTION AND
COUNTERCLAIM - 8
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

DATED this 5th day of November, 2002.

INSLEE, BEST, DOEZIE & RYDER, P.S.

By /s/ Andrew L. Symons
Andrew L. Symons, W.S.B.A. #7770

LASHER, HOLZAPFEL, SPERRY & EBBERSON, PLLC

By /s/ Andrew L. Symons for
Kevin Hanchett, W.S.B.A. #16553

Attorneys for Defendants Lakha Investment Co., L.L.C.; Amin S. ("Andy") Lakha; and Emerald City Construction, Inc.

ANSWER OF DEFENDANTS LAKHA INVESTMENT, LAKHA AND EMERALD CITY CONSTRUCTION AND COUNTERCLAIM - 9
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234

## CERTIFICATE OF SERVICE

I, Linda J. Hollenbeak, certify that on this date a true copy of this document was sent for delivery to plaintiffs' counsel of record, Eric Zimbelman, by facsimile and legal messenger delivery. I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: November 6, 2002, at Bellevue, Washington.

*Linda J. Hollenbeak*
Linda J. Hollenbeak

ANSWER OF DEFENDANTS LAKHA INVESTMENT, LAKHA AND EMERALD CITY CONSTRUCTION AND COUNTERCLAIM - 10
DOCS\51255\049\0248300.01

INSLEE, BEST, DOEZIE & RYDER, P.S.
ATTORNEYS AT LAW
777 - 108th Avenue N.E.
Suite 1900
P.O. Box C-90016
Bellevue, Washington 98009-9016
(425) 455-1234